# EXHIBIT 5

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

IBN WILLIAMS,

        Plaintiff,

vs.

COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, LUCIEN BROWNLEE, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND

JOHN DOES I-X, (said names being fictitious, true names presently unknown) ABC CORP. I-X (said names being fictitious, true name presently unknown),

        Defendants.

CIVIL CASE NO. 24-C-22-００4662

## COMPLAINT

Plaintiff, IBN WILLIAMS, residing at 95 Grumman Avenue, Apt 1, Newark, New Jersey, by and through counsel moves for Judgment against the Defendants and in support states as follows:

### PARTIES

1. Plaintiff, IBN WILLIAMS residing at 95 Grumman Avenue, Apt 1, Newark, New Jersey, at all relevant times was enrolled as a student at COPPIN STATE UNIVERSITY and was a member of the COPPIN STATE UNIVERSITY Basketball program.

2. Defendant, COPPIN STATE UNIVERSITY, whose address is 2500 W. North Avenue, Baltimore, Maryland is a public institution of higher education and is part of the UNIVERSITY SYSTEM of MARYLAND.

3. Defendant, UNIVERSITY SYSTEM of MARYLAND, whose address is 701 E. Pratt Street, Baltimore, Maryland is a public higher education system responsible for the operation of all public universities in the State of Maryland which includes COPPIN STATE UNIVERSITY.

4. Defendant, LUCIEN BROWNLEE, is an individual who resides at 21 Mott Street, Lawnside, New Jersey. At all relevant times Mr. Brownlee was an employee, agent or servant of Defendant COPPIN STATE UNIVERSITY and UNIVERSITY SYSTEM of MARYLAND.

5. Defendant DEREK CARTER, is an individual whose business address is 2500 W. North Avenue, Baltimore, Maryland. At all relevant times was an employee, agent or servant of Defendant COPPIN STATE UNIVERSITY and UNIVERSITY SYSTEM of MARYLAND.

6. Defendant JUAN DIXON, is an individual whose business address is 2500 W. North Avenue, Baltimore, Maryland. At all relevant times was an employee, agent or servant of Defendant COPPIN STATE UNIVERSITY and UNIVERSITY SYSTEM of MARYLAND.

7. Defendant STATE of MARYLAND, whose address is 100 State Circle, Annapolis, Maryland is a State in the United States of America.

8. Upon information and belief, Defendants, JOHN DOES I-X are individuals whose names and addresses are unknown.

9. Upon information and belief, Defendants, ABC CORP. I-X are legal entities, the names and addresses of whom are unknown.

## STATEMENT OF THE CASE

10. Plaintiff Ibn Williams, was student at Coppin State University, and a member of its basketball program. Due to the negligent and intentional acts of the Defendant Lucien Brownlee, a Coach and a Director of Player Development for Coppin State University as well as the negligence of all of the above named defendants, Plaintiff was the subjected to sexual assault, blackmail and continued harassment.

11. Plaintiff was approached by Defendant, Coppin State University and recruited by the University to become a member of the Coppin State University basketball program.

14. Plaintiff and his family were assured among other things that the University would provide him with a safe environment, free from drugs, abuse and violence.

15. In Plaintiff's first semester as a freshman he was contacted on social media by a person who presented themselves as a young woman interested in developing a romantic relationship.

16. Plaintiff was enticed into sending images of himself to this person of a sexual nature that Plaintiff believed were private and in the context of a developing romantic relationship.

17. After these highly personal sexual images of himself were provided, it was revealed that the woman that he believed he had been communicating with, did not exist and instead was a person pretending to be his potential paramour to blackmail him.

18. That person (herein identified as "the blackmailer") advised that it was now in possession of Plaintiff's highly personal and embarrassing images and conversations, and that Plaintiff would be required to submit to further demands or risk the public disclosure of the material.

19. Plaintiff was told by the blackmailer that it would expose the images and conversations to Plaintiff's fellow team members and the public at large, should he not agree to comply with what became increasingly depraved demands.

20. Plaintiff reasonably believed that the disclosure of the material would destroy his reputation and his basketball career at Coppin State University and cause him devastating embarrassment and shame to him and his family.

21. The blackmailer's harassment escalated during the spring semester of 2019, where demands for more salacious content were made.

22. In fear of losing his place in the basketball program, his tuition and room and

board payments he was promised by Coppin State University, Plaintiff continued to respond to the person messaging him in an increasingly futile attempt to appease his tormentor.

21. Near the end of the 2019 spring semester, Plaintiff was advised that he was not the only person in the Coppin State Basketball program who provided sexual content to the account.

22. Plaintiff was advised by Defendant Lucien Brownlee, who was engaged by Coppin State University as a coach and its Director of Player Development, that defendant Lucien Brownlee (hereinafter "Coach Brownlee") that he too exchanged sexual content with Plaintiff's tormentor.

23. Plaintiff previously communicated with Coach Brownlee who had appeared to express an interest in Plaintiff's progress and continuing success in the Coppin State basketball program.

24. Plaintiff was ordered by his unidentified blackmailer to engage in sexual encounters with Defendant Brownlee, demands which Plaintiff resisted.

25. Plaintiff in the fall semester of 2019 again began to receive threats from the account, in what became a constant barrage of demands and threats.

26. Plaintiff's blackmailer in November of 2019, with apparent knowledge of Plaintiff's schedule and availability, demanded that Plaintiff record and send a video of Plaintiff and Lucien Brownlee engaging in oral sex. In the face of the threat of exposure and loss of his position in the basketball program and its financial support, and with the insistence and urging of Coach Brownlee, Plaintiff acquiesced.

27. On or about December 8, 2019 Plaintiff was contacted and told that Lucien Brownlee was going to coordinate a sexual encounter with Plaintiff. Plaintiff did not engage in the encounter hoping his non-response would end the blackmail.

28. Plaintiff's attempts to disengage only served to enrage his blackmailer. Plaintiff was warned that if he continued to ignore or otherwise not comply his tormentor would "wild out".

29. Upon information and belief, the blackmailer was Coach Brownlee.

30. After that date, the blackmailer made demands for more sexual videos.

31. When Plaintiff tried to appease the Defendant, by sending a video of himself alone, it was rejected by the blackmailer as unsatisfactory.

32. The blackmailer demanded that he provide a video of him engaging in sex with Coach Brownlee.

32. The blackmailer sent repeated messages providing Coach Brownlee's availability.

33. In March of 2020 Plaintiff responded to a demand by communicating his hopelessness that this harassment would never end.

34. The blackmailer ceased communication for a mere five days before renewing his demands for a video of Plaintiff engaging in a sexual act with a person of the same sex.

35. Finally, on the brink of suicidal ideations, and in an attempt to extricate himself from further blackmail, but unable to bring himself to divulge the blackmail to his family, Plaintiff truthfully informed his family of concerns regarding blatant, unchecked use of illegal drugs and inappropriate behavior of members of the basketball program while traveling for away games, in hopes that it would spur a transfer from Coppin State to a different program.

35. In June of 2020 Plaintiff, accompanied by his father, met with Defendant Juan Dixon and the drug issues were discussed. Plaintiff raised the possibility of transferring out of the program. Defendant Dixon indicated that he was helpless to address the drug issue in any meaningful way. He expressed the inevitability of drug use among the players. Nonetheless, Coach Dixon was adamant that Plaintiff should stay with the program. Defendant Dixon was

able to persuade Plaintiff and his father to exit the transfer portal and Plaintiff agreed to resume his status as a member of the team, relying on Coach Dixon's assurance that Plaintiff's financial assistance and other benefits he had been provided with would be continue.

36. Following the disruption occasioned by the Covid pandemic and the break between semesters and Plaintiff returned to Coppin State University and its basketball program in the fall of 2020.

37. Upon returning to Coppin State University for 2020 fall semester, Defendant Lucien Brownlee renewed his blackmail demands. When Plaintiff did not respond, the Defendant followed through with his threat and the material used to blackmail Plaintiff was published and revealed to members of the team, staff, and the public.

38. Plaintiff was directed by Coach Dixon to attend practice the following day. Defendant Dixon met personally with Plaintiff. Defendant Juan Dixon admitted to the Plaintiff that Lucien Brownlee was mentally ill or otherwise emotionally imbalanced and that his history was known to the Coach, Mr. Carter and the school.

39. Defendant Dixon again confirmed his awareness of the Coach Brownlee's instability later that same evening in a phone call to Plaintiff's brother and father where Defendant Dixon repeated that Lucien was "sick" and had a troubled background.

40. The Defendants with full knowledge of the previously described events, took no action to address that their Director of Basketball Operations and Assistant Coach had victimized Plaintiff in this manner.

41. In an attempt to bring the foregoing situation to light, Plaintiff requested Coppin State University conduct its own review of the harassment, sexual assault and blackmail he had been required to endure.

42. The review process further added to Plaintiff's distress. Plaintiff made himself

available to be questioned by an attorney retained by the Defendant Coppin State University. During the process and in violation of the Defendant's own guidelines and standards, Plaintiff, a victim of sexual assault, was questioned regarding his past sexual experiences, and inquiry was made into his sexual orientation causing further emotional distress.

43. Those employed and otherwise in positions of authority within Coppin State University and its Athletic Department, were negligent in the manner in which they hired, supervised and controlled those in positions of authority within the basketball program. Coppin State University and its employees, Men's Basketball Coach Juan Dixon, Director of Athletics Derek Carter and others in positions of authority and responsibility, employed Coach Lucien Brownlee as Director of Player Development and a member of their coaching staff despite his being unfit to hold a position of authority nor fit to have a leadership role involving contact with student athletes of Coppin State University.

44. Coppin State University failed to comply with State and its own reporting requirements. Defendants failed to supervise and protect its young, vulnerable student athletes in failing to provide a safe, suitable environment free from violence and harassment, narcotics and overall well-being of Plaintiff Ibn Williams.

45. The University and The State University System failed to follow NCAA guidelines and its own policies regarding the financial, emotional, and physical well-being of Plaintiff, to his emotional, psychological, physical, and financial detriment. Subsequent to Plaintiff having brought to light the instances of his sexual assault and harassment as well as having formally demanded an investigation, and as a consequence, Plaintiff was subjected to retaliation by Defendant Coppin State University and their agents, servants and employees. Specifically, financial assistance previously promised and provided by Defendant was withheld. Financial assistance for Plaintiff's housing and tuition was terminated without explanation or

cause.

## FIRST COUNT
### (Negligence)

46. At all relevant times Plaintiff, IBN WILLIAMS, a student at COPPIN STATE UNIVERSITY was recruited and became a player in the COPPIN STATE UNIVERSITY basketball program.

47. At all times relevant hereto, Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, LUCIEN BROWNLEE, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X, were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise being responsible for ensuring the well-being of those students under their care.

48. At the time and place aforementioned, the Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, LUCIEN BROWNLEE, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X were careless, reckless and/or negligent in the control/operation/supervision and oversight of the basketball program and those within the program in positions of authority over whom the Defendants had control.

49. As a consequence, Plaintiff endured severe and pervasive harassment that created an intimidating, hostile and offensive school environment.

50. Defendants knew or should have known of the harassment and failed to take effective measures to end it, causing Plaintiff injuries.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured,

suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, in an amount greater than the required jurisdictional limit, and such other relief as the Court deems just and equitable.

## SECOND COUNT
### (Negligent Hiring and Retention)

51.   Plaintiffs IBN WILLIAMS repeats, reiterates and realleges each and every allegation contained in the preceding Counts of the Complaint as if fully set forth at length herein.

52.   At all relevant times, Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X JOHN DOES I-X, ABC CORP. I-X and/or ABC CO. I-X were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise were responsible for ensuring the well-being of those under their care.

53.   As a consequence of the status above each had a duty to ensure the proper procurement of employees and others who would hold positions of authority and supervision within the basketball program for the care and protection of those members of the student body and basketball program.

54. Despite these obligations the defendants failed to procure or otherwise have in place policies and procedures to ensure the proper qualifications, background and personality traits of those persons hired or permitted to hold positions of authority and/or supervision within the basketball program.

55. Defendants were negligent in failing to exercise due care in hiring, supervising and retaining an unfit individual and that such negligence was a proximate cause of the plaintiff's injuries or damages.

56. Defendants had a duty to use reasonable care in selecting competent and fit employees for the work assigned to them. Defendants breached this duty by retaining the services of an unfit employee whose dangerous propensities, personality traits and psychological frailties made them inappropriate to serve as Director of Player Development or otherwise interact with members of the basketball program.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, in an amount greater than the required jurisdictional limit, and such other relief as the Court deems just and equitable.

### THIRD COUNT
**(Intentional Infliction of Emotional Distress)**

57. At all relevant times Plaintiff, IBN WILLIAMS, was enrolled as a student at

COPPIN STATE UNIVERSITY. Plaintiff was recruited and become a player in the COPPIN STATE UNIVERSITY basketball program.

58. At all relevant times Defendant, LUCIEN BROWNLEE AND JOHN DOES I-X, was an employee or otherwise in a position of authority for the Defendants.

59. Defendant is liable to plaintiff for the tort of intentional infliction of emotional distress in that (a) the acts of the Defendant and Plaintiff's emotional distress resulting therefrom were the result of intentional and/or reckless conduct on the part of Defendant; (b) the conduct was extreme and outrageous; (c) the conduct of Defendants was the proximate cause of the emotional injuries sustained by Plaintiff; and (d) the emotional distress sustained by Plaintiff was genuine and substantial and had a demonstrable negative effect on his life and work and has forced Plaintiff to seek medical and or psychological attention.

60. During the course of Plaintiff's tenure within the basketball program, Defendant intentionally and recklessly harassed and inflicted emotional injury on Plaintiff by subjecting him to outrageous treatment beyond all bounds of decency; examples include but are not limited to Defendant blackmailing the Plaintiff to engage in unwanted sexual assault. Defendant mentally abused Plaintiff and treated him in a demeaning and inferior manner, which no reasonable person could be expected to endure.

61. As a direct and proximate result of these malicious and conscious wrongful actions, Plaintiff has sustained severe emotional distress, resulting in bodily injury. Plaintiff's emotional distress manifested itself in fear, humiliation, depression, insomnia, anxiety attacks and other distress. Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, in an amount greater than the required jurisdictional limit, and such other relief as the Court deems just and equitable.

## FOURTH COUNT
### (Negligent Infliction of Emotional Distress)

62. At all relevant times Plaintiff, IBN WILLIAMS, was enrolled as a student at COPPIN STATE UNIVERSITY. Plaintiff was recruited and become a player in the COPPIN STATE UNIVERSITY basketball program.

63. At the same time and place Defendant, LUCIEN BROWNLEE AND COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X JOHN DOES I-X, ABC CORP. I-X and/or ABC CO. I-X were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise responsible for ensuring the well-being of those under their care.

64. Defendants owed a duty of reasonable care to their student and program participant IBN WILLIAMS; defendant LUCIEN BROWNLEE breached that duty by their terroristic acts and COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, by their omissions breached their duty causing plaintiffs to have suffered severe emotional distress and resulting injury.

65. By reason of the foregoing, defendants and each of them are liable for negligent infliction of emotional distress.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, in an amount greater than the required jurisdictional limit, and such other relief as the Court deems just and equitable.

### FIFTH COUNT
(Breach of Contract)

66. At all relevant times Plaintiff, IBN WILLIAMS, was enrolled as a student at COPPIN STATE UNIVERSITY. Plaintiff was recruited and become a player in the COPPIN STATE UNIVERSITY basketball program.

67. At the same time and place Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X JOHN DOES I-X, ABC CORP. I-X and/or ABC CO. I-X were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise responsible for ensuring the well-being of those under their care.

68. When recruited by Defendant Coppin State University's basketball program, Plaintiff was promised and provided financial assistance for tuition and housing.

69. Subsequent to bringing to light the sexual assaults and harassment Plaintiff suffered at the hands of an employee and member of the coaching staff of Coppin State University's basketball program, Defendants reneged on the contractual promises.

70. Promised and previously provided financial assistance in the form of housing costs and tuition assistance were withheld from Plaintiff upon his return to Coppin State University for the 2020 fall semester.

71. Withholding of the assistance was contrary to agreement assurances provided by Defendant Dixon in June of 2020.

72. Defendants actions violated express terms of thier agremment as well as violating the the covenant of good faith and fair dealing.

73. As a direct and proximate result of Defendants' breach Plaintiff has suffered and continues to suffer economic loss and loss of oppurtunity for which he is entitled to an award of monetary damages and other relief.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, in an amount greater than the required jurisdictional limit, and such other relief as the Court deems just and equitable.

Respectfully submitted,

*[signature]*

Peter T. Anderson (CPF = 0912150025)
MORGAN & MORGAN
1901 Penn. Ave.
Ste. 300
Washington, DC 20006
P: (571) 357-7580
F: (571) 357-7606
panderson@forthepeople.com
*Plaintiffs' Counsel*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and matters.

*[signature]*

Peter T. Anderson

## MARYLAND CERTIFICATION OF OUT-OF-STATE ATTORNEY

Pursuant to Md. Gen. Provi. 1-313, I hereby certify or affirm that I am admitted to practice in the state of Maryland.

*[signature]*

Peter T. Anderson