# EXHIBIT 30

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

IBN WILLIAMS,

          Plaintiff,

vs.

COPPIN STATE UNIVERSITY, THE
UNIVERSITY SYSTEM OF
MARYLAND, ~~LUCIEN~~LUCIAN
BROWNLEE, DEREK CARTER, JUAN
DIXON, THE STATE OF MARYLAND

:

JOHN DOES I-X, (said names being
fictitious, true names presently unknown)
~~ABC CORP. I-X (said names being~~
~~fictitious, true name presently unknown),~~

          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL CASE NO:~~————~~:24-C-22-004662

## AMENDED COMPLAINT

Plaintiff, IBN WILLIAMS residing at 95 Grumman Avenue, Apt 1, Newark, New Jersey, by and through counsel moves for Judgment against the Defendants and in support states as follows:

## PARTIES

1.      Plaintiff, IBN WILLIAMS residing at 95 Grumman Avenue, Apt 1, Newark, New Jersey, at all relevant times was enrolled as a student at COPPIN STATE UNIVERSITY and was a member of the COPPIN STATE UNIVERSITY Basketball program.

2.      Defendant, COPPIN STATE UNIVERSITY, whose address is 2500 W. North Avenue, Baltimore, Maryland is a public institution of higher education and is part of the UNIVERSITY SYSTEM of MARYLAND.

3.      Defendant, UNIVERSITY SYSTEM of MARYLAND, whose address is 701 E. Pratt Street, Baltimore, Maryland is a public higher education system responsible for the operation of all public universities in the State of Maryland which includes COPPIN STATE UNIVERSITY

.

4.      Defendant, ~~LUCIEN~~LUCIAN BROWNLEE, is an individual who resides at 21 Mott Street, Lawnside, New Jersey.  At all relevant times Mr. Brownlee was an employee, agent or servant of Defendant COPPIN STATE UNIVERSITY and UNIVERSITY SYSTEM of MARYLAND.

5.      Defendant DEREK CARTER, is an individual whose business address is 2500 W. North Avenue, Baltimore, Maryland.  At all relevant times DEREK CARTER was an employee, agent or servant of Defendant COPPIN STATE UNIVERSITY and UNIVERSITY SYSTEM of MARYLAND.

6.      Defendant JUAN DIXON, is an individual whose business address is 2500 W. North Avenue, Baltimore, Maryland.  At all relevant times JUAN DIXON was an employee, agent or servant of Defendant COPPIN STATE UNIVERSITY and UNIVERSITY SYSTEM of MARYLAND.

7.      Defendant STATE of MARYLAND, whose address is 100 State Circle, Annapolis, Maryland is a State in the United States of America.

8.      Upon information and belief, Defendants, JOHN DOES I-X are individuals whose names and addresses are unknown.

~~9.      Upon information and belief, Defendants, ABC CORP. I-X are legal entities, the names and addresses of whom are unknown.~~

**STATEMENT OF THE CASE**

~~10~~9.     Plaintiff Ibn Williams, was a student at Coppin State University, and a member of its basketball program.  Due to the negligent, grossly negligent and intentional acts of the Defendant Lucian Brownlee, a Coach and a Director of Player Development for Coppin State

University, as well as the gross negligence and the negligence of all of the above named defendants, Plaintiff was the subjected to sexual assault, blackmail and continued harassment.

~~11~~10.   Plaintiff was approached by Defendant, Coppin State University through JUAN DIXON and recruited by JUAN DIXON for the University to become a member of the Coppin State University basketball program.

~~14~~11.   Plaintiff and his family were assured by JUAN DIXON, among other things, that the University would provide him with a four year basketball scholarship, in a safe environment, free from drugs, abuse and violence.

~~15~~12.   In Plaintiff's first semester as a freshman in 2018 he was contacted on social media by a person who presented themselves as a young woman interested in developing a romantic relationship.

~~16~~13.   Plaintiff was enticed into sending images of himself to this person of a sexual nature that Plaintiff believed were private and in the context of a developing romantic relationship.

~~17~~14.   After these highly personal sexual images of himself were provided, it was revealed that the woman that he believed he had been communicating with, did not exist and instead was a person pretending to be his potential paramour to blackmail him.

~~18~~15.   That person or persons (herein identified as "the blackmailer~~"~~")"), who upon information and belief was or included LUCIAN BROWNLEE, and who may or may not have been acting alone, advised by text or message that it was now in possession of Plaintiff's highly personal and embarrassing images and conversations, and that Plaintiff would be required to submit to further demands or risk the public disclosure of the material.

~~19~~16.   Plaintiff was told by the blackmailer by text or message that it would expose the images and conversations to Plaintiff's fellow team members and the public at large, should he

not agree to comply with what became increasingly depraved demands.

~~20~~17.   Plaintiff reasonably believed that the disclosure of the material would destroy his reputation and his basketball career at Coppin State University and cause him devastating embarrassment and shame to him and his family.

~~21~~18.   The blackmailer's harassment escalated during the spring semester of 2019, where demands for more salacious content were made.

~~22~~19.   In fear of losing his place in the basketball program, his tuition and room and board payments he was promised by Coppin State University, Plaintiff continued to respond to the person messaging him in an increasingly futile attempt to appease ~~his tormentor~~the blackmailer.

~~21~~20.   Near the end of the 2019 spring semester, Plaintiff was advised by the blackmailer that he was not the only person in the Coppin State Basketball program who provided sexual content to the account.

~~22~~21.   Plaintiff was advised personally by Defendant ~~Lucian Brownlee~~LUCIAN BROWNLEE, who was ~~engaged by Coppin State University~~in the spring of 2019 being offered a position as a ~~coach and~~member of the COPPIN STATE UNIVERSITY coaching staff as its Director of Player Development, that ~~defendant Lucian Brownlee (hereinafter "Coach Brownlee") that he too~~BROWNLEE also exchanged sexual content and had communicated with Plaintiff's tormentor.

~~23~~22.   Plaintiff had previously communicated with ~~Coach Brownlee~~BROWNLEE who at that time was a senior basketball player with the COPPIN STATE UNIVERSITY Basketball Program; BROWNLEE had appeared to express an interest in Plaintiff's progress and continuing success in the Coppin State basketball program.

23.   ~~24.~~Plaintiff was ordered by text by his ~~unidentified~~ blackmailer to engage in

sexual encounters with Defendant ~~Brownlee,~~BROWNLEE; demands which Plaintiff resisted.

24.     In the fall of 2019, BROWNLEE, became a member of the Coppin State Basketball coaching staff, (**as listed then and now as a member of "the coaching staff" on COPPIN STATE UNIVERSITY's official website for 2019-2020**) and so being acted as the agent, employee or servant of the COPPIN STATE UNIVERSITY Basketball Program, and THE UNIVERSITY SYSTEM OF MARYLAND.

25.     Plaintiff in the fall semester of 2019 again began to receive threats from the blackmailer through the social media account, and through text messages in what became a constant barrage of demands and threats.

26.     Plaintiff's blackmailer in November of 2019, with apparent knowledge of Plaintiff's schedule and availability, demanded that Plaintiff record and send a video of Plaintiff and ~~Lucian Brownlee engaging in oral sex.  In the face of the threat of exposure and loss of his position in the basketball program and its financial support, and with the insistence and urging of Coach Brownlee, Plaintiff acquiesced~~BROWNLEE engaging in oral sex.

27.     BROWNLEE, in the presence of IBN WILLIAMS, while on University grounds, and while a member of the coaching staff at COPPIN STATE UNIVERSITY abused the access and power of his position as such to personally verbally threaten and coerce Plaintiff to, participate in sexual conduct against his will; verbally threatening exposure and the loss of IBN WILLIAMS' position in the basketball program and the financial support that accompanied his position in the program.

28.     BROWNLEE in the presence of IBN WILLIAMS, while on University grounds and while a member of the coaching staff at COPPIN STATE UNIVERSITY abused the access and power of his position by personally and improperly sexually blackmailing, harassing and assaulting IBN WILLIAMS.

29.    27These acts of sexual assault, blackmail, and harassment occurred while BROWNLEE was a member of the coaching staff for the COPPIN STATE basketball program, on University grounds, and during basketball related activities and were done in whole or part by abusing the benefits of his position and responsibilities as a member of the coaching staff.

30.    BROWNLEE failed to properly report his involvement in and what he knew regarding IBN WILLIAMS forced sexual interaction, sexual assault, harassment or blackmail despite his personal knowledge of and participation in same.

31.    On or about December 8, 2019 Plaintiff was contacted and toldby the blackmailer that Lucian BrownleeLUCIAN BROWNLEE was going to coordinate a sexual encounter with Plaintiff. Plaintiff did not engage in the encounter hoping his non-response would end the blackmail.

2832.    Plaintiff's attempts to disengage only served to enrage histhe blackmailer. Plaintiff was warned by the blackmailer by text that if he continued to ignore or otherwise not comply his tormentor the blackmailer would "wild out".

33.    Besides directly blackmailing, assaulting and harassing IBN WILLIAMS, LUCIAN BROWNLEE was either the blackmailer or was conspiring with the blackmailer during his tenure as a member of the coaching staff and used the benefits of that position to gain access to and the trust of IBN WILLIAMS.

3429.    Upon information and belief, the blackmailer was Coach Brownlee.

30.    After that date, the blackmailer made demands via text or message for more sexual videos.

3135.    When Plaintiff tried to appease the Defendant, by sending a video of himself alone, it was rejected by the blackmailer as unsatisfactory.

3236.    The blackmailer demanded via text or message that he provide a video of him

engaging in sex with ~~Coach Brownlee~~LUCIAN BROWNLEE.

~~32~~37.   The blackmailer sent repeated messages providing ~~Coach Brownlee's~~LUCIAN BROWNLEE'S availability.

~~33~~38.   In March of 2020 Plaintiff responded to a demand by communicating his hopelessness that this harassment would never end.

~~34~~39.   The blackmailer ceased communication for a mere five days before renewing his demands for a video of Plaintiff engaging in a sexual act with a person of the same sex.

~~35~~40.   Finally, on the brink of suicidal ideations, and in an attempt to extricate himself from further blackmail, but unable to bring himself to divulge the blackmail to his family, Plaintiff truthfully informed his family of concerns regarding blatant, unchecked use of illegal drugs and inappropriate behavior of members of the basketball program while traveling for away games, in hopes that it would spur a transfer from Coppin State University to a different program.

~~35~~41.   In June of 2020 Plaintiff, accompanied by his father, met with Defendant ~~Juan Dixon~~JUAN DIXON and the drug issues were discussed.   Plaintiff raised the possibility of transferring out of the program.   Defendant ~~Dixon~~DIXON indicated that he was helpless to address the drug issue in any meaningful way.   He expressed the inevitability of drug use among the players~~.~~ even during basketball activities while on team road trips.   Nonetheless, Coach Dixon was adamant that Plaintiff should stay with the program. Defendant ~~Dixon was able to persuade~~DIXON promised Plaintiff and his father ~~to exit~~that if IBN WILLIAMS exited the transfer portal and Plaintiff agreed to resume his status as a member of the team, ~~relying on Coach Dixon's~~JUAN DIXON gave his assurance that Plaintiff's financial assistance and other -benefits that he had been provided with would be continue.

~~36~~42.   Following the disruption occasioned by the Covid pandemic and the break between semesters and relying on JUAN DIXON'S assurance Plaintiff returned to Coppin State University

and its basketball program in the fall of 2020.

~~37~~43.   Upon returning to Coppin State University for 2020 fall semester, ~~Defendant Lucian Brownlee renewed his blackmail demands.  When Plaintiff did not respond, the Defendant followed through with his threat and~~ the material used to blackmail Plaintiff was published and revealed <u>by BROWNLEE (and/or his conspirators)</u> to members of the team, staff, and the public.

~~38~~44.   Plaintiff was directed by Coach Dixon to attend practice the following day. Defendant Dixon met personally with Plaintiff.  Defendant Juan Dixon admitted to the Plaintiff that ~~Lucian~~ <u>he was aware that</u> Brownlee was ~~mentally ill or otherwise~~ <u>was a sexual predator, was aware that Brownlee had attempted to blackmail other students in the basketball program, and that Brownlee was</u> emotionally imbalanced ~~and that his history was known to the Coach, Mr. Carter and the school.~~ <u>or otherwise ill.</u>

<u>~~39~~45.   JUAN DIXON AND DEREK CARTER were also made aware, including but not limited to, during the 2019-2020 school year, that other students on the basketball program had been the victim of blackmail and attempted sexual assault and/or harassment and failed to properly report same or take any action to advise or warn the student-athletes or student-body of this peril.</u>

46.   Defendant Dixon again confirmed his awareness of ~~the   Coach~~<u>LUCIAN BROWNLEE'S</u> ~~Brownlee's~~ instability later that same evening in a phone call to Plaintiff's brother and father where Defendant Dixon repeated that Lucian was "sick" and had a troubled background.

~~40~~47.   The Defendants with full knowledge of the previously described events, took no ~~action~~<u>remedial action prior to, during, or after plaintiff's assault, blackmail and harassment</u> to address that their Director of Basketball Operations and Assistant Coach had victimized Plaintiff in this manner<u> and to prevent the dissemination of the material used to blackmail IBN WILLIAMS</u>.

~~41~~48.   In an attempt to bring the foregoing situation to light, Plaintiff requested Coppin

State University conduct its own review of the harassment, sexual assault and blackmail he had been required to endure.

4249.   The review process further added to Plaintiff's distress.  Plaintiff made himself available to be questioned by an attorney retained by the Defendant Coppin State University. During the process and in violation of the Defendant's own guidelines and standards, Plaintiff, a victim of sexual assault, was questioned regarding his past sexual experiences, and inquiry was made into his sexual orientation causing further emotional distress and Plaintiff was deprived of his tuition and housing funds previously provided by the UNIVERSITY.

43.   Those employed and otherwise in positions of authority within Coppin State University and its Athletic Department, were negligent in the manner in which they hired, supervised and controlled those in positions of authority within the basketball program.  Coppin State University and its employees, Men's Basketball Coach Juan Dixon, Director of Athletics Derek Carter and others in positions of authority and responsibility, employed Coach Lucian Brownlee as Director of Player Development and a member of their coaching staff despite his being unfit to hold a position of authority nor fit to have a leadership role involving contact with student athletes of Coppin State University.

44.   Coppin State University failed to comply with State and its own reporting requirements.  Defendants failed to supervise and protect its young, vulnerable student athletes in failing to provide a safe, suitable environment free from violence and harassment, narcotics and overall well-being of Plaintiff Ibn Williams.

45.   The University and The State University System failed to follow NCAA guidelines and its own policies regarding the financial, emotional, and physical well-being of Plaintiff, to his emotional, psychological, physical, and financial detriment.  Subsequent to Plaintiff having brought to light the instances of his sexual assault and harassment as well as having formally

demanded an investigation, and as a consequence, Plaintiff was subjected to retaliation by Defendant Coppin State University and their agents, servants and employees.   Specifically, financial assistance previously promised and provided by Defendant was withheld.   Financial assistance for Plaintiff's housing and tuition was terminated without explanation or cause.

### FIRST COUNT
### (Gross Negligence)

46.   At all relevant times 50.       Plaintiff, IBN  WILLIAMS, a  student  at  COPPIN STATE UNIVERSITY was recruited repeats, reiterates and became a player realleges each and every allegation contained in the COPPIN STATE UNIVERSITY basketball program preceding Counts of the Complaint as if fully set forth at length herein.

51.    47At the time and place, the Defendants, LUCIAN  BROWNLEE and JOHN DOES I-X, were/was negligent and grossly negligent and or engaged in conduct fairly described as constituting malice in forcing Plaintiff to engage in sexual conduct, assault, battery and subjecting Plaintiff to blackmail and harassment.

52.   At all times relevant hereto, Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, LUCIEN, LUCIAN BROWNLEE, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X, were DIXON were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise being responsible for ensuring the well-being of those students under their care.

48 53.   At the time and place aforementioned, the Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, LUCIEN BROWNLEE, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X ("THE UNIVERSITY

DEFENDANTS") were careless, reckless and/or grossly negligent in the control/ operation/ supervision and oversight of the basketball program and those within the program in positions of authority over whom the Defendants had control.

49. ~~As a consequence, Plaintiff endured severe and pervasive harassment that created an intimidating, hostile and offensive school environment.~~

~~50.~~ 54.  Specifically, the University Defendants ~~knew~~, including DIXON and CARTER grossly negligently

> a)  procured, retained, appointed to the coaching staff and/or ~~should have~~ hired an individual (namely LUCIAN BROWNLEE) known ~~of the harassment~~to them to be a sexual predator, and ~~failed~~to previously have engaged in abusive behavior
>
> b)  permitted the Basketball Programs players to engage in rampant drug use on campus, during basketball activities, and off-campus but during basketball activities, by being aware of same and intentionally refusing to stop it
>
> c)  by being aware of known prior instances of blackmail without properly reporting same, warning the players or preventing same.

55.  The University Defendants so utterly disregarded the rights of Ibn Williams to have a safe environment, and to participate safely as a NCAA division I basketball recruit at Coppin State that they acted as if Ibn Williams' rights did not exist.

56.  The facts that support the above allegations, that Carter and Dixon acted with disregard of Ibn Wiliams rights include but are not limited to:

a.  Juan Dixon's admission of actual knowledge that Lucian Brownlee was a predator, sexually and otherwise.

b.      Juan Dixon's and Derek Carter's knowledge of drug use by the basketball team and a member of the coaching staff, refusing to take ~~effective measures to end it, causing Plaintiff injuries.~~ any action to prevent such behavior and exposing Williams to an unsafe environment that facilitated Brownlee's wrongful behavior.

c.      Juan Dixon's and Derek Carter's knowledge of fraudulent misappropriation of University finances to perpetrate a fraud on Ibn Williams

d.      Juan Dixon's and Derek Carter's purposeful refusal to properly advise the team, or the student body, of the instances of prior blackmail that had been reported to them.

e.      The purposeful retaliation against IBN WILLIAMS for making this claim to JUAN DIXON.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for compensatory damages, liquidated damages, punitive damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, and such other relief as the Court deems just and equitable.

## SECOND COUNT
### (Negligent Hiring and Retention)

57.     Plaintiff~~51.     Plaintiffs~~ IBN WILLIAMS repeats, reiterates and realleges each and every allegation contained in the preceding Counts of the Complaint as if fully set forth at length herein.

5258.  At all relevant times, Defendants COPPIN STATE UNIVERSITY, THE

UNIVERSITY SYSTEM OF MARYLAND, LUCIAN BROWNLEE, DEREK CARTER, JUAN

DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN

DOES I-X and/or ABC CORP. I-X JOHN DOES I-X, ABC CORP. I-X and/or ABC CO. I-X

were individuals and institutions of higher education responsible for providing students a safe,

suitable environment free from violence and harassment, narcotics and otherwise were

responsible for ensuring the well-being of those under their care.

5359.  As a consequence of the status above each had a duty to ensure the proper

procurement (hiring, retention, training and oversight) of employees and others who would hold

positions of authority and supervision within the basketball program for the care and protection

of those members of the student body and the student basketball program.

5460.  Despite these obligations the defendants failed to procure or otherwise have in

place policies and procedures to ensure the proper qualifications, background and personality

traits of those persons hired or permitted to hold positions of authority and/or supervision within

the basketball program.

5561.  Defendants were negligent in failing to exercise due care in hiring, supervising

and retaining an unfit individualincompetent individuals and that such negligence was a

proximate cause of the plaintiff's injuries or damages.

56. 62.  Defendant, LUCIAN BROWNLEE, was hired, retained or procured by the

Defendants had a duty to use reasonable care in selecting competent, COPPIN STATE

UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN

DIXON, THE STATE OF MARYLAND, JOHN DOES 1-X and fit employees for the work

assigned to them. Defendants breached this duty by retaining the services of an unfit/or ABC

CORP. 1-X, as an agent, servant and/or employee ~~whose dangerous propensities, personality traits and psychological frailties made them inappropriate to serve as~~ of COPPIN STATE UNIVERSITY, as an acting member of the coaching staff and, more specifically, the Director of Player Development, as indicated on the University's website.

63.     Defendant, LUCIAN BROWNLEE, was at the very least incompetent to hold this position and was, in fact, a known or knowable danger to the students of COPPIN STATE UNIVERSITY, including Plaintiff, IBN WILLIAMS. Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND, JOHN DOES 1-X and/or ABC CORP. 1-X, knew or should have known that Defendant, LUCIAN BROWNLEE, was at least incompetent and, in fact, a danger to the students of COPPIN STATE UNIVERSITY and Plaintiff, IBN WILLIAMS, because of his known dangerous, predatory tendencies and/or his drug use which was known to Defendants, JUAN DIXON AND DEREK CARTER.

64.     Plaintiff, IBN WILLIAMS, was made the victim of assault, sexual assault, battery and subjected to blackmail at the hands of Brownlee and/or his co-conspirators.

65.     ~~or otherwise interact~~The above torts were directly related to the COPPIN STATE BASKETBALL PROGRAM and activities as Defendant, LUCIAN BROWNLEE, as a member of the coaching staff, was provided unique access to Plaintiff, IBN WILLIAMS.

66.     All of the above allegations occurred on University grounds and the sexual assault, battery, harassment and extortive behavior occurred during activities associated with ~~members of the basketball~~the Basketball Program including, but not limited to, practice and player-coach meetings.

67.     Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND, JOHN DOES 1-X and/or ABC CORP. 1-X, were careless, reckless, grossly negligent and/or negligent in the hiring, retention, training and oversight of Defendant, LUCIAN BROWNLEE.

68.     Defendants, DEREK CARTER and JUAN DIXON, were hired by the Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND, JOHN DOES 1-X and/or ABC CORP. 1-X, an agent, servant and/or employee of COPPIN STATE UNIVERSITY, employed as the Athletic Director and Coach of The Coppin State University Basketball Program (as indicated on the University's website.)

69.     Defendants, DEREK CARTER and JUAN DIXON, were at the very least incompetent to hold this position and this incompetence resulted in the hiring, retention and/or the assignment of coaching responsibilities to Defendant, LUCIAN BROWNLEE, who was at least incompetent and, in fact, a known danger to the students, including Plaintiff, IBN WILLIAMS.

70.     Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND, JOHN DOES 1-X and/or ABC CORP. 1-X, knew or should have known that Defendants, DEREK CARTER AND JUAN DIXON, were at least incompetent to hold these positions and this incompetence resulted in rampant drug use by players in the Basketball Program and a member of the coaching staff during the Programs activities on campus and while attending "away games".

71.     The Defendants, JUAN DIXON AND DEREK CARTER, had actual knowledge and/or should have known.  Defendant, JUAN DIXON, explicitly admitted to

knowledge of the rampant drug use within the program and same refused to take action to address the issue.

72.     Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND, JOHN DOES 1-X and/or ABC CORP. 1-X, knew or should have known that Defendants, DEREK CARTER AND JUAN DIXON, were at least incompetent to hold these positions and, in fact, exposed the students of the University, including Plaintiff, IBN WILLIAMS, to Defendant, LUCIAN BROWNLEE'S, known dangerous, predatory tendencies and their refusal to address the drug use rampant in the Basketball Program.

73.     Consequently, Plaintiff IBN, WILLIAMS, was made the victim of assault, sexual assault, battery and subjected to blackmail. The above torts were directly related to the COPPIN STATE BASKETBALL PROGRAM and activities, as Defendant, LUCIAN BROWNLEE, as a member of the coaching staff, was provided unique access to Plaintiff, IBN WILLIAMS.

74.     Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND, JOHN DOES 1-X and/or ABC CORP. 1-X, were careless, reckless, grossly negligent and or negligent in the hiring of Defendants, DEREK CARTER AND JUAN DIXON.

75.     Consequently, Plaintiff, IBN WILLIAMS, was made the victim of assault, sexual assault, battery and subjected to blackmail. The above torts were directly related to the COPPIN STATE BASKETBALL PROGRAM and activities as Defendant, LUCIAN BROWNLEE, as a member of the coaching staff, was provided unique access to Plaintiff, IBN WILLIAMS.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered

and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for compensatory damages, liquidated damages, punitive damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, and such other relief as the Court deems just and equitable.

## THIRD COUNT

### (Intentional Infliction of Emotional Distress)

76. ~~57.   At all relevant times~~ Plaintiff~~,~~ IBN WILLIAMS~~, was enrolled as a student at COPPIN STATE UNIVERSITY.  Plaintiff was recruited~~ repeats, reiterates and ~~become a player~~realleges each and every allegation contained in the ~~COPPIN STATE UNIVERSITY basketball program.~~

~~58.   At all relevant times Defendant, LUCIAN BROWNLEE AND JOHN DOES I-X, was an employee or otherwise in a position~~preceding Counts of ~~authority for the Defendants~~Complaint as if fully set forth at length herein.

~~59.   Defendant is~~77.   Defendants are liable to plaintiff for the tort of intentional infliction of emotional distress in that (a) the acts of the ~~Defendant~~Defendants and Plaintiff's emotional distress resulting therefrom were the result of intentional and/or reckless conduct on the part of ~~Defendant~~Defendants; (b) the conduct was extreme and outrageous; (c) the conduct of Defendants was the proximate cause of the emotional injuries sustained by Plaintiff; and (d) the emotional distress sustained by Plaintiff was genuine and substantial and had a demonstrable negative effect on his life and work and has forced Plaintiff to seek medical and or psychological

attention.

60.     78.    During the course of Plaintiff's tenure within the basketball program,

Defendant BROWNLEE intentionally and recklessly harassed and inflicted emotional injury on

Plaintiff by subjecting him to outrageous treatment beyond all bounds of decency; examples

include but are not limited to Defendant blackmailing thesexual assault, blackmail, harassment

and coercing Plaintiff to engage in unwanted sexual assaultacts. Defendant mentally abused

Plaintiff and treated him in a demeaning and inferior manner, which no reasonable person could

be expected to endure.

61.79.   DEREK CARTER and JUAN DIXON purposefully covered up BROWNLEE's

past instances of predatory behavior, past instances of blackmail to other students on the

basketball team, and purposefully retaliated against IBN WILLIAMS for reporting the

blackmail.

80.     As a direct and proximate result of these malicious and conscious wrongful actions,

Plaintiff has sustained severe emotional distress, resulting in bodily injury.  Plaintiff's emotional

distress manifested itself in fear, humiliation, depression, insomnia, anxiety attacks and other

distress. Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will

experience great pain and suffering, will be required to expend large sums of money for medical care

and attention, and has been and will in the future be disabled and prevented from attending to his

necessary affairs and business.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered

and will experience great pain and suffering, will be required to expend large sums of money for

medical care and attention, and has been and will in the future be disabled and prevented from

attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or

in the alternative, for compensatory damages, liquidated damages, punitive damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, and such other relief as the Court deems just and equitable.

## ~~FOURTH COUNT~~
### ~~(Negligent Infliction of Emotional Distress)~~

62. ~~At all relevant times Plaintiff, IBN WILLIAMS, was enrolled as a student at COPPIN STATE UNIVERSITY. Plaintiff was recruited and become a player in the COPPIN STATE UNIVERSITY basketball program.~~

63. ~~At the same time and place Defendant, LUCIAN BROWNLEE AND COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X JOHN DOES I-X, ABC CORP. I-X and/or ABC CO. I-X were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise responsible for ensuring the well-being of those under their care.~~

64. ~~Defendants owed a duty of reasonable care to their student and program participant IBN WILLIAMS; defendant LUCIAN BROWNLEE breached that duty by their terroristic acts and COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, by their omissions breached their duty causing plaintiffs to have suffered severe emotional distress and resulting injury.~~

65. ~~By reason of the foregoing, defendants and each of them are liable for negligent infliction of emotional distress.~~

~~WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from~~

~~attending to his necessary affairs and business.~~

~~Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for compensatory damages, liquidated damages, punitive damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, and such other relief as the Court deems just and equitable.~~

## FIFTH COUNT
### (Breach of Contract)

~~66.    At all relevant times~~ 81.        Plaintiff, IBN WILLIAMS~~, was enrolled as a student at COPPIN STATE UNIVERSITY.  Plaintiff was recruited~~ repeats, reiterates and ~~become a player~~realleges each and every allegation contained in the ~~COPPIN STATE UNIVERSITY basketball program.~~

~~67.    At~~ preceding Counts of the ~~same time and place Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, DEREK CARTER, JUAN DIXON, THE STATE OF MARYLAND JOHN DOES I-X and/or ABC CORP. I-X, JOHN DOES I-X and/or ABC CORP. I-X JOHN DOES I-X, ABC CORP. I-X and/or ABC CO. I-X were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise responsible for ensuring the well-being of those under their care~~Complaint as if fully set forth at length herein.

~~68~~82.    When recruited by Defendant Coppin State University's basketball program, Plaintiff ~~was promised and provided~~contracted in a written contract for the University to provide financial assistance for tuition and housing pursuant to a written document, that was by its own terms in effect for a period of four years from its signing in April of 2018.

~~69~~83.    The contract was signed by an authorized University employee namely the Athletic Director DEREK CARTER.

84.    Subsequent to bringing to light the sexual assaults and harassment Plaintiff suffered at the hands of ~~an employee and~~ LUCIAN BROWNLEE, a member of the coaching

staff and an employee, agent and/or servant of ~~Coppin State University's~~COPPIN STATE UNIVERSITY's basketball program, Defendants reneged on the contractual promises and breached this agreement on a continuing basis for the entire term of the contract.

~~70~~85.    Promised and previously provided financial assistance in the form of housing costs and tuition assistance were withheld ~~fromPlaintiff~~from Plaintiff upon his return to ~~Coppin State University~~COPPIN STATE UNIVERSITY for the 2020 fall semester~~.~~ and thereafter and eventually, among the other wrongful acts set forth above, forced Plaintiff to seek enrollment at another college.

~~71.    Withholding of the~~ 86.       Defendant improperly withheld the scholarship and tuition and housing assistance ~~was contrary to~~ in breach of the written agreement ~~assurances provided by Defendant Dixon in June of 2020.~~

~~72~~87.    Defendants actions violated the express terms of ~~thier agremment~~their agreement as well as ~~violating the the~~an implied covenant of good faith and fair dealing.

~~73~~88.   It was subsequently discovered that COPPIN STATE UNIVERSITY violated the written contract in other ways as well, as the financial aid that was provided to the Plaintiff was not in the form of athletic financial aid but rather funds that were misapportioned or otherwise wrongfully obtained from other academic departments in breach of the agreement, NCAA Guidelines, and State and other reporting requirements.  This misappropriation facilitated the ability of the University to breach its written agreement with the Plaintiff.

89.    As a direct and proximate result of Defendants' breach Plaintiff has suffered and continues to suffer economic loss and loss of oppurtunity for which he is entitled to an award of monetary damages and other relief.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for

medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, and such other relief as the Court deems just and equitable.

## SIXTH COUNT

### (Failure to Comply with Reporting Policy and Retaliation)

90.     Plaintiff IBN WILLIAMS repeats, reiterates and realleges each and every allegation contained in the preceding Counts of the Complaint as if fully set forth at length herein.

91.     COPPIN STATE UNIVERSITY and THE UNIVERSITY SYSTEM OF MARYLAND is a Title IX funding recipient and is bound by its own policies and procedures that adopt Title IX rules and regulations.

92.     LUCIAN BROWNLEE, as a member of the coaching staff had actual knowledge of the harassment, assault, blackmail, and abuse that the plaintiff alleges occurred.

93.     DEREK CARTER AND JUAN DIXON as head of the athletic department and as head coach, respectively, were made aware in the 2019-2020 school year of instances of blackmail and sexual coercion involving student athletes, prior to the dissemination of the blackmail photos and video and during the blackmail suffered by IBN WILLIAMS.

94.     LUCIAN BROWNLEE, DEREK CARTER, JUAN DIXON all acted with deliberate indifference to known acts of harassment, abuse, assault and/or blackmail in its programs or activities by intentionally and or gross negligently failing to properly report these known violations and acts of harassment.

95.     The harassment, abuse, blackmail and assault were so severe, pervasive, and objectively offensive that it effectively barred access to an equal opportunity to education to IBN WILLIAMS.

96.     All of the named Defendants did not follow appropriate policies and procedures to properly investigate and accommodate the plaintiff (or the prior incidences of blackmail to the detriment of IBN WILLIAMS) as required under Title IX as adopted by COPPIN STATE UNIVERSITY and its own policies and procedures on Sexual Harrasment and Other Sexual Misconduct.

97.     Coppin State University is a signator to the NCAA Association-Wide Policy on Campus Sexual Violence for all of the years set forth above.

98.     LUCIAN BROWNLEE, JUAN DIXON, DEREK CARTER, COPPIN STATE UNIVERSITY AND THE UNIVERSITY SYSTEM OF MARYLAND violated these policies and procedures by LUCIAN BROWNLEE failing to report his sexual interaction, and the blackmail of IBN WILLIAMS properly or at all, and by JUAN DIXON and DEREK CARTER for failing to properly report that they had been made aware of sexual coercion and blackmailing of their student athletes prior to and during the blackmailing and sexual assault on IBN WILLIAMS and prior to the dissemination of the blackmail photos in September of 2020 and for failing to properly report any other predatory sexual behavior of LUCIAN BROWNLEE of which JUAN DIXON advised plaintiff that he was aware.

99.     The UNIVERSITY defendants further violated all the above mentioned policies, procedures and guidelines by retaliating against IBN WILLIAMS for reporting the blackmail by withdrawing his tuition and housing scholarship.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for

medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

———

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, and such other relief as the Court deems just and equitable.

### SEVENTH COUNT

### (Respondeat Superior)

100.    Plaintiff IBN WILLIAMS repeats, reiterates and realleges each and every allegation contained in the preceding Counts of the Complaint as if fully set forth at length herein.

101.    At all relevant times, Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND JOHN DOES 1-X were individuals and institutions of higher education responsible for providing students a safe, suitable environment free from violence and harassment, narcotics and otherwise were responsible for ensuring the well-being of those under their care.

102.    At all relevant times Defendants LUCIAN BROWNLEE, DEREK CARTER AND JUAN DIXON were employees of Defendants COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND.

103.    Defendants LUCIAN BROWNLEE, DEREK CARTER AND JUAN DIXON were careless, reckless, grossly negligent and negligent in the manner set forth in the preceding Counts of the present Complaint.

104.    The conduct of the Defendants LUCIAN BROWNLEE, DEREK CARTER AND JUAN DIXON was done in furtherance of the business of the COPPIN STATE UNIVERSITY,

THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND and with the authorization of said Defendants.

105.    Therefore, Defendants, COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND are liable to the Plaintiff for the wrongful acts alleged above of their agent under the doctrine of agency and/or respondeat superior, and for all injuries and other damages herein sustained by the Plaintiff.

WHEREFORE, Plaintiff IBN WILLIAMS, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

WHEREFORE, Plaintiff demands judgment against Defendants, DEREK CARTER and JUAN DIXON COPPIN STATE UNIVERSITY, THE UNIVERSITY SYSTEM OF MARYLAND, THE STATE OF MARYLAND jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorney's fees, enhanced attorney's fees, in an amount greater than the required jurisdictional limit, and such other relief as the Court deems just and equitable.

Respectfully submitted

Nicholas C. Bonadio (AIS No.0912150093)
nbonadio@kblitigation.com
Thomas W. Keilty, III (AIS No.1406170150)
tkeilty@kblitigation.com
Keilty Bonadio, LLC
One South Street – Suite 2125
Baltimore, Maryland 21202
410-469-9953
*Co-Counsel for Plaintiff*

Daniel N. Epstein, Esq.
Admitted Pro Hac Vice
EPSTEIN OSTROVE, LLC
200 Metroplex Dr.
Suite 304
Edison, NJ 08817
*Co-Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury demand on all counts.

Nicholas C. Bonadio (AIS No.0912150093)
nbonadio@kblitigation.com
Thomas W. Keilty, III (AIS No.1406170150)
tkeilty@kblitigation.com
Keilty Bonadio, LLC
One South Street – Suite 2125
Baltimore, Maryland 21202
410-469-9953
*Co-Counsel for Plaintiff*

Daniel N. Epstein, Esq.
Admitted Pro Hac Vice
EPSTEIN OSTROVE, LLC
200 Metroplex Dr.
Suite 304
Edison, NJ 08817
*Co-Counsel for Plaintiff*

## MARYLAND CERTIFICATION OF OUT-OF-STATE ATTORNEY

Pursuant to Md. Gen. Provi. 1-313, I hereby certify or affirm that I am admitted to practice in the State of Maryland.

Nicholas C. Bonadio (AIS No.0912150093)
nbonadio@kblitigation.com
Thomas W. Keilty, III (AIS No.1406170150)
tkeilty@kblitigation.com
Keilty Bonadio, LLC
One South Street – Suite 2125
Baltimore, Maryland 21202
410-469-9953
*Co-Counsel for Plaintiff*

Daniel N. Epstein, Esq.
Admitted Pro Hac Vice
EPSTEIN OSTROVE, LLC
200 Metroplex Dr.
Suite 304
Edison, NJ 08817
*Co-Counsel for Plaintiff*

IBN WILLIAMS,                                      :
                                                  :
                    Plaintiff,                    :
vs.                                               :
                                                  :
                                                  :
COPPIN STATE UNIVERSITY, THE                      :        **CIVIL CASE NO: 24-C-22-004662**
UNIVERSITY SYSTEM OF                              :
MARYLAND, LUCIAN BROWNLEE,                        :
DEREK CARTER, JUAN DIXON, THE                     :
STATE OF MARYLAND;                                :
                                                  :
JOHN DOES I-X, (said names being                  :
fictitious, true names presently unknown)         :
                                                  :
                    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2023, copies of First Amended Complaint with Redline Copy were sent electronically, by agreement of the parties, to:

Ariel Lichterman                        Candace Robinson, Esq.
Assistant General, Office of the Attorney    Collins Legal Group, LLC
General
200 St. Paul Place, 17th Floor          1122 Kenilworth Drive, Suite 507
Baltimore, MD 21202                     Towson, MD 21204

Dated: August 23, 2023                  Respectfully Submitted,

                                        /s/

                                        Nicholas C. Bonadio (AIS No.0912150093)
                                        nbonadio@kblitigation.com
                                        Thomas W. Keilty, III (AIS No.1406170150)
                                        tkeilty@kblitigation.com
                                        Keilty Bonadio, LLC
                                        One South Street – Suite 2125
                                        Baltimore, Maryland 21202
                                        410-469-9953

                                        *Counsel for Plaintiffs*