# EPSTEIN | OSTROVE

A LIMITED LIABILITY COMPANY

October 8, 2024

**<u>Via PACER</u>**
Hon. Julie R. Rubin, U.S.D.J.
101 West Lombard Street
Chambers 3A
Baltimore, MD 21201

**Re: *Ibn Williams v. Coppin State University et als.*
    Civil Case No. 1:23-cv-02590-JRR**

Dear Judge Rubin:

We represent Plaintiff, Ibn Williams ("<u>Mr. Williams</u>"), in connection with the above referenced matter. Consistent with Your Honor's Scheduling Order, entered on September 25, 2024, we hereby submit the within Initial Joint Status report on behalf of Mr. Williams, Defendant Lucien Brownlee ("<u>Mr. Brownlee</u>"), and Defendants Coppin State University, the University System of Maryland, the State of Maryland, Derek Carter and Juan Dixon (collectively, the "<u>University Defendants</u>.")

**A.  Requests for Modification of the Scheduling Order:**

By way of background, this case involves issues (that plaintiff believes to be complex) related to the extortion of Mr. Williams and the coerced sexual acts engaged in by Mr. Brownlee who served as Director of Player Development. Plaintiff notes that he was held out by the University Defendants as being on the coaching staff at that time. Defendant asserts that he was a student at the time. Further, it involves claims of retaliation under Title IX and breach of contract. Plaintiff expects to seek all social media interactions, text messages, videos, and emails from multiple individuals and various Departments of the University. Plaintiff believes the case will, therefore, heavily involve electronically stored information ("<u>ESI</u>"), necessitating thorough and diligent discovery efforts.

Although the parties have conferred on multiple occasions, we were not able to agree regarding what constitutes an appropriate schedule. The information below represents each party's respective positions regarding the scheduling of discovery deadlines and the scope of discovery. We seek the Court's guidance on establishing a realistic and fair discovery schedule that accommodates the needs of all parties.

**NEW JERSEY**
T 732.828.8600  F 732.828.8601

Edison office
200 Metroplex Dr | Ste 304 | Edison, NJ 08817
Hamilton office
1898 Route 33 | Hamilton, NJ 08690


WWW.EPSTEINOSTROVE.COM

**NEW YORK**
T 646.300.8600

Manhattan office
43 West 43rd St | Ste 139 | New York, NY 10036

Hon. Julie R. Rubin, U.S.D.J.
October 8, 2024
Page 2

*Mr. Williams' Proposal:*

Mr. Williams proposes a discovery schedule that it submits is both reasonable and realistic, aiming to prevent future modifications yet ensure a thorough examination of all relevant evidence within the deadlines set for discovery.

| Event | Original Deadline | Proposed Deadline |
|---|---|---|
| Propound Paper and ESI Discovery requests due | | November 15, 2024 |
| Paper and ESI Discovery production due | | January 15, 2025 |
| Deadline for All fact depositions | | April 11, 2025 |
| Deadline for Joinder of Parties and Amendment of Pleadings | November 8, 2024 | April 25, 2025 |
| Plaintiff's Rule 26 disclosures due | November 26, 2024 | May 23, 2025 |
| Defendants' Rule 26 disclosures due | December 23, 2024 | June 23, 2025 |
| Rebuttal | January 6, 2025 | July 18, 2025 |
| Supplement to Rule 26 disclosures | January 13, 2025 | July 25, 2025 |
| Discovery End Dat & Submission of Status Report | February 6, 2025 | August 22, 2025 |
| Request for Admissions | February 13, 2025 | August 29, 2025 |
| Dispositive Motions due | March 10, 2025 | September 19, 2025 |

Plaintiff submits that his proposed timeline is appropriate for the following reasons:

- o **60-Day Response Time for Discovery Requests:** Given the extensive electronically stored information ("ESI") involved—including social media interactions, texts, videos, and emails from multiple sources—a 60-day period is necessary for adequate responses. It is noted that Defendants were made aware on September 6th by email that Mr. Williams sought ESI. Since then, more than 30 days have elapsed, and counsel has met and conferred twice. The parties have begun to confer but have not yet identified the custodians or sources of the digital information. Defendants have not yet identified ESI custodians or processes for obtaining same. Plaintiff will also seek documents such as student files (housing,



Hon. Julie R. Rubin, U.S.D.J.
October 8, 2024
Page 3

financial, scholarship, medical, disciplinary, employment, volunteer, or athletic records) of Mr. Williams and Mr. Brownlee. The absence of such basic information at these early stages necessitates additional time to set realistic deadlines.

Without a clear pathway towards resolving these issues, it becomes difficult to predict when a defendant might be able to properly provide responsive discovery. The above schedule provides the least amount of time that the parties might need to address issues such as custodians, sources, search terms, confidential communications, etc.

- o **Three Months for Depositions:** Allocating sufficient time to schedule and conduct depositions of key individuals is essential to identifying the relationship that Mr. Brownlee occupied with the University and identifying the actions taken by the school during the Title IX investigation. Each witness contacted with the Title IX investigation will have relevant information to allow plaintiff to scrutinize the level of integrity of that investigation. (*e.g.,* Leonard Hamm, Miss Carrington, Coach Auslander, Juan Dixon, Derek Carter).

- o **Consideration of Counsel's Availability:** Mr. Williams' counsel has a pre-planned family trip to Israel from October 20th to November 6 to observe the Jewish holiday and a family bar mitzvah celebration. Mr. Williams' counsel will also be out of the office in April for the Passover holiday. These dates have also been factored into the proposed schedule.

Mr. Williams notes that he has not sat idle while a fair schedule was discussed. On September 6th, Mr. Williams requested, informally by email:

1. The volunteer agreement between Mr. Brownlee and the University.

2. Documentation of the athletic-based scholarship offered to Mr. Williams.

3. The sexually explicit materials that were publicized.

4. All documents exchanged between the University and the outside law firm retained for the Title IX investigation.

5. Any and all contracts or documentation between the Defendants and Plaintiff.

Plaintiff additionally indicated in that September 6th email: "We will obviously need every named defendant's incoming and outgoing personal and business emails and texts as it relates to Ibn or Brownlee, or Dwaine Jones going back to the June 24, 2020."

Counsel for the University Defendants responded to this request stating that once a discovery schedule was ordered by the Court and document requests were properly served, they would comply with their discovery obligations. Mr. Williams has been proactive, requesting initial discovery promptly and conferring with Defendants regarding his intention to seek ESI. There has



WWW.EPSTEINOSTROVE.COM

Hon. Julie R. Rubin, U.S.D.J.
October 8, 2024
Page 4

been no substantive response to his requests except to advise that Defendants will respond to any formal requests after an Initial Status Report has been filed.

Finally, Mr. Williams advocates for a schedule that will hopefully yield both a comprehensive request and review of documents and communications related to Mr. Williams's claims but that is designed to hopefully avoid further modification.

*University Defendants' Position:*

The University Defendants believe that Plaintiff's requested extension of the deadlines in this case is not reasonable. It is their position that Plaintiff is seeking this extension because he intends to seek discovery that is overbroad and not proportional to what remains at issue in this case. For instance, as indicated above, Plaintiff intends to seek broad social media evidence, videos, and other ESI for multiple non-party employees of the University based upon the fact that he had personal social media communications with an unidentified individual who he alleges blackmailed him. Further, Plaintiff has stated he intends to seek all documents, records, communications, and posts that mention his name.

The University Defendants do not believe there is a ripe discovery dispute at this time, as Plaintiff has not yet served any formal interrogatories or document requests other than a cursory informal email identifying broad information they hope to obtain. The University Defendants are hopeful the parties will be able to reach agreement with respect to the scope of permissible discovery. Indeed, the University Defendants stated they are prepared to engage in discussions regarding ESI custodians and search parameters but believe that discovery should proceed efficiently and proportionally in accordance with standard procedures.

However, in the hope of reaching agreement with Plaintiff as to the proposed modification to the schedule, the University Defendants stated they would consent to a three-month extension of the deadlines in this case.

*Mr. Brownlee's Position:*

Consent for this letter was requested of Ms. Collins from Collins Law on behalf of Defendant Brownlee but at the time of this filing, she was unavailable to provide consent.

*The following Areas of Disagreement exist:*

- *Timeline for Discovery Responses and Depositions*: The parties disagree on the amount of time necessary for discovery responses and the scheduling of depositions, with Mr. Williams proposing a longer timeline and Defendants consenting to a shorter period.

- *Scope of Discovery*: Mr. Williams seeks a more broad scope to ensure all relevant information is obtained, while Defendants seek a more limited scope focused on specific files that they allege are directly related to the allegations in the litigation.



Hon. Julie R. Rubin, U.S.D.J.
October 8, 2024
Page 5

- *Preparedness for Discovery Discussions*: Mr. Williams asserts that Defendants are unprepared to proceed with necessary ESI discussions, whereas Defendants believe they are following appropriate procedures within the times and Rules set forth by the Court.

**B. Report on Consent to Proceed Before a Magistrate Judge:**

The parties do not jointly consent to proceed before a magistrate judge.

**C. Report on Participation in Mediation with a Magistrate Judge:**

The defendant does not believe mediation would be productive at this time. However, the parties agree to continue to assess their positions as discovery progresses and will write to the Court to request a referral for mediation as needed.

**D. Report on the Scope of Discovery:**

As discussed above in section A, Mr. Williams believes that the proposed extended timeline and more broad scope of discovery is necessary and realistic, aiming to prevent future modifications and ensure a comprehensive discovery process. Defendants are hoping to confer with Plaintiff to limit the scope of discovery, particularly ESI, in a manner that is proportional to the needs of the case, including limiting custodians and providing narrow search terms and time periods without causing undue delay. Plaintiff's primary concern with respect to an agreed upon Scheduling Order relates to the uncertainty related to the volume of responsive documents.

We appreciate the Court's attention to this matter and are prepared to provide any additional information or participate in a conference to further discuss these issues.

Respectfully submitted,

For the Plaintiff:

EPSTEIN OSTROVE, LLC

By: /s/ Daniel N. Epstein

Daniel N. Epstein, Esq. (I.D. #033981995)
200 Metroplex Drive, Suite 304
Edison, New Jersey 08817
Phone: (732) 828-8600
Email: depstein@epsteinostrove.com

For Plaintiff:

KEILTY BONADIO, LLC

By: /s/ Thomas W. Keilty, III

Thomas W. Keilty, III (Bar No. 18992)
One South Street
1 South Street, Suite 2125
Baltimore, Maryland 21202
Telephone: 410-646-8880
Email: tkeilty@kblitigation.com



Hon. Julie R. Rubin, U.S.D.J.
October 8, 2024
Page 6

For the University System of Maryland, the
State of Maryland, Coppin State University,
Juan Dixon, and Derek Carter:

By: ___/s/ Ariel Lichterman___

Ariel Lichterman, Esq.
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202
alichterman@oag.state.md.us


cc: All Counsel of Record (via ECF)

WWW.EPSTEINOSTROVE.COM