UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **IBN WILLIAMS,** *Plaintiff,* | * |
| | * |
| v. | CIVIL ACTION NO. 1:23-cv-02590-JRR |
| | * |
| **COPPIN STATE UNIVERSITY, et al.,** *Defendants.* | * |

**AMENDMENT TO STIPULATED ORDER**

This Amendment to Stipulated Order ("Amendment") is entered into between Plaintiff Ibn Williams and Defendants Coppin State University, the University System of Maryland, the State of Maryland, Derek J. Carter, Juan Deante Dixon, and Lucian Brownlee (each a "Party" and all together, the "Parties")[1] in the above-captioned litigation (the "Litigation") for the purpose of providing greater confidentiality protections than those currently provided for in the January 15, 2025 Stipulated Order Regarding Confidentiality of Material (the "Order"). In this regard, the Parties agree as follows and respectfully request that this Court enter an order approving this Amendment to its original Order:

1. In the Litigation, Defendant Coppin State University issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") to non-party Scenario Learning, LLC d/b/a Vector Solutions ("Vector") requesting the production of certain training materials dating from 2018 to 2020. Vector has contributed significant time and resources to creating, developing, and marketing its specialized training

---

[1] For legal representation purposes, Defendants Coppin State University, the University System of Maryland, the State of Maryland, Derek J. Carter, and Juan Deante Dixon are referred to as the "State Defendants" and Defendant Lucian Brownlee is referred to as the "Individual Defendant."

materials, restricts access to only authorized users, prohibits disclosure of the materials, and derives economic value from its training materials not being generally known. In this regard, the Parties acknowledge and agree that the requested training materials constitute Vector's confidential, proprietary, copyrighted and/or trade secret information, the public disclosure of which would likely cause injury to Vector and which information warrants protection in the Litigation.

2. In response to the Subpoena, Vector is able to produce materials reflecting the following two courses: (i) EverFi Haven online sexual assault training for students (the "Haven Course"); and (ii) Voices for Change (the "Voices Course"). While Vector can produce materials reflecting the Haven Course in PDF format, Vector is only able to provide access to the Voices Course through the use of a virtual platform and by obtaining e-mail addresses for the specific individuals who will require access. In this regard, the Parties have agreed to restrict access to the virtual platform to their attorneys and expert witnesses only and to a hosting period of 60 (sixty) days.

3. Paragraph 3 of the Order provides, "No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c)." Pursuant to paragraph 3 of the Order, and based on the unique format of the proprietary materials to be produced by Vector and the Parties' agreement to limit review of those materials, the Parties submit this Amendment to the Court for review and request that additional protections apply to Vector's proprietary materials as provided below.

4. The requested proprietary training materials that Vector provides or otherwise makes available to the attorneys and expert witnesses in the Litigation (collectively, the "Material") shall only be provided to the Authorized Reviewers as defined in paragraph 5 below. The term "Material" shall mean all documents, information, and other material that are provided by Vector to the Authorized Reviewers for purposes of the Litigation, regardless of the medium of conveyance (whether in oral, written, graphic, electronic, or any other form) and regardless of whether it is marked confidential. For the avoidance of doubt, the term "Material" includes, but is not limited to, online training modules, course transcripts, and configuration or customization forms.

5. The Material may only be disclosed, shown, made available, or communicated to the following Authorized Reviewers in the course and scope of the Litigation:

   a. Counsel of record for Plaintiff in the Litigation;
   b. Counsel of record for the State Defendants in the Litigation;
   c. Counsel of record for the Individual Defendant in the Litigation;
   d. Plaintiff's retained expert witnesses in the Litigation;
   e. The State Defendants' retained expert witnesses in the Litigation;
   f. The Individual Defendant's retained expert witnesses in the Litigation;
   g. Qualified persons capturing testimony involving the Material (i.e., court reporters) and necessary stenographic, videographic, and related clerical personnel; and
   h. The Court and its staff, pursuant to paragraph 8 below.

6. The Authorized Reviewers identified in subparagraphs 5(d)-5(f) above must be informed of and agree to be bound by the terms of the Order and this Amendment by executing

the form enclosed as <u>Exhibit A</u> before being provided with the Material and shall take all necessary precautions to prevent any disclosure or unauthorized use of the Material. Counsel for Plaintiff and the Defendants shall be responsible for maintaining copies of all signed Exhibit As obtained by their respective Authorized Reviewers.

7. Unless otherwise provided by Court order, the Material shall be maintained and treated as CONFIDENTIAL as required by the Order and shall be used only by the Authorized Reviewers as provided in this Amendment or as otherwise ordered by the Court.

8. At this time, use of the Material is permitted solely for discovery purposes in the Litigation and not for any other purpose in the Litigation. To the extent Plaintiff and/or the Defendants intend to display, refer to, or otherwise use the Material during a deposition in the Litigation, then counsel for the deposing party must ensure that only Authorized Reviewers are present at the time the Material is displayed and take all other actions necessary to ensure that relevant portions of the deposition transcript, including any related exhibits, are maintained as confidential and prohibited from public disclosure. To the extent Plaintiff and/or the Defendants desire to file the Material with the Court and/or introduce the Material into evidence at any hearing, proceeding, or trial, then counsel for the Party who wishes to file or use the Material shall comply with paragraph 2 of the Order and/or any other requirements of this Court. The Party who intends to file or use the Material must also notify Vector of the intended use at least seven (7) business days in advance.

9. The Authorized Reviewers shall not: (a) copy the Material in whole or in part (including without limitation by way of screen shots, videos, camera phones, pictures, etc.); (b) display, reproduce, create derivative works from, transmit, sell, distribute, rent, lease, sublicense, transfer or in any way exploit the Material in whole or in part; (c) embed the Material into any

product; (d) use any trademarks, service marks, domain names, logos, or other identifiers contained in the Material; (e) reverse engineer, decompile, disassemble, or access the source code of the Material; (f) alter or tamper with the Material in any way; (g) attempt to defeat any security measures that Vector may take to protect the confidentiality and proprietary nature of the Material; (h) remove, obscure, conceal, or alter any marking or notice of proprietary rights that may appear on or in the Material; (i) take photographs or videos of the Material or otherwise try to copy the Material in another format or transfer it to another medium; (j) allow any individual or entity under the control of the Authorized Reviewers to access the Material without authorization under this Amendment for such access; or (k) allow any individual or entity under their control to violate the protections provided for in this Amendment.

10. If the Material is used or disclosed to anyone other than in the manner authorized herein, counsel for Plaintiff and/or the Defendants (whichever has such knowledge) must immediately bring all pertinent facts relating to such unauthorized disclosure to the attention of counsel for Vector and, without prejudice to other rights and remedies of Vector, shall make every effort to prevent further disclosure by any person or entity that was a recipient of such information.

11. For the avoidance of doubt and to the extent practical, all other provisions of the Order not inconsistent with this Amendment shall continue to apply.

**IT IS SO AGREED:**

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| *Edward McElroy* | /s/ Kathryn J. Bradley |
| Edward McElroy, Esq. | Ariel Lichterman, Esq. |
| Daniel Epstein, Esq. | Kathryn J. Bradley, Esq. |
| Thomas Keilty, Esq. | |
| *Counsel for Plaintiff Ibn Williams* | *Counsel for Defendants Coppin State University, the University System of* |

Dated: _____

*Maryland, the State of Maryland, Derek J. Carter, and Juan Deante Dixon*

Dated: 8/22/2025

_____
Tiffani Collins, Esq.

*Counsel for Defendant Lucian Brownlee*

Dated: 8/22/2025

**IT IS SO ORDERED** this _____ day of _____, 2025.

_____
JULIE R. RUBIN
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND

| | |
|---|---|
| **IBN WILLIAMS,** *Plaintiff,* | * |
| | * |
| v. | CIVIL ACTION NO. 1:23-cv-02590-JRR |
| | * |
| **COPPIN STATE UNIVERSITY, et al.,** *Defendants.* | * |

## **CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIAL**

I hereby acknowledge that I am about to receive confidential Material provided by non-party Vector Solutions in connection with the above-captioned Litigation. I certify that I understand that the confidential Material is being provided to me subject to the terms and restrictions of the Amendment to Stipulated Order ("Amendment") entered in the Litigation. I certify that I have reviewed the Amendment, agree to maintain the confidentiality of the Material, and agree to abide by all other terms of the Amendment.

I understand that the confidential Material must not be disclosed to anyone except as expressly permitted by the Amendment. I further understand that I must review the confidential Material provided to me in the Litigation in a secure manner. I will not use any confidential Material obtained pursuant to the Amendment except solely for the purposes of the Litigation as authorized in the Amendment.

Executed on this _____ day of _____, 202__.

Printed Name: _____

Signature: _____

Position/Title: _____