IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IBN WILLIAMS** | * |
| *Plaintiff,* | *   Case No.: 1:23-cv-02590-JRR |
| v. | * |
| **LUCIAN BROWNLEE**, et al. | * |
| *Defendants*. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**JOINT STATUS REPORT REGARDING
DISCOVERY DISPUTES**

Pursuant to the Court's Letter Order dated August 25, 2025 (ECF No. 60), the parties jointly submit this status report addressing: (1) whether Plaintiff's IME was completed; (2) any remaining deficiencies in Plaintiff's discovery responses from the State Defendants' perspective; (3) whether the State Defendants continue to seek leave to file a related discovery motion (or a further teleconference); (4) whether the motion to compel Plaintiff's continued deposition (ECF No. 47) is moot; and (5) any jointly proposed amendments to the Scheduling Order. The parties also address two additional matters: (a) Plaintiff's pending motion to modify the Scheduling Order, and (b) Plaintiff's request for leave to move to compel production of certain materials.

**I. IME Status**

Plaintiff's medical examination was completed on August 23, 2025. State Defendants' expert is finalizing the report, which is expected to be produced by this Friday, September 19, 2025.

**II. The State Defendants' Position on Plaintiff's Discovery Responses**

On September 12, 2025, the parties met virtually to confer regarding plaintiff's responses to State Defendants' discovery demands, among other issues. With respect to the remaining deficiencies with plaintiff's responses, plaintiff's counsel said that they anticipated they could produce the requested information within two weeks, by September 26, 2025. Assuming plaintiff's counsel complies with their prospective two-week deadline, there are no remaining deficiencies in plaintiff's response.

**III. Request for Leave to File Discovery Motion / Teleconference**

Based upon the information set forth in Section II, State Defendants no longer seek leave to file a motion to compel or extend discovery to obtain the requested information.

**IV. Mootness of the Motion to Compel Plaintiff's Continued Deposition (ECF No. 47)**

The parties have agreed to a one-hour continued deposition of Plaintiff, to occur on date to be agreed upon by the parties.

**V. Jointly Proposed Scheduling Amendments**

The parties have been unable to reach agreement on amendments to the Scheduling Order (ECF No. 25; Active Amended Scheduling Order, ECF No. 42). Their respective positions are as follows:

*Plaintiff's Position:*

Plaintiff respectfully submits that a 150-day extension of discovery is warranted. The Amended Scheduling Order dated April 23, 2025 (ECF No. 42) was premised on the understanding that depositions would conclude on a timely basis and Defendants' expert disclosures would be timely. That did not occur. That Order contemplated:

- Defendants' Rule 26(a)(2) disclosures by June 9, 2025;

- Plaintiff's rebuttal Rule 26(a)(2) disclosures by July 3, 2025; and
- Fifty-five additional days of discovery following expert disclosures, through August 27, 2025.

That timetable would have allowed Plaintiff 24 days to rebut Defendants' experts, followed by 55 days of mutual discovery. The only depositions that have taken place are of Plaintiff and his witnesses, and now the State Defendants produced two expert disclosures on the August 27 discovery deadline. Their medical expert report is outstanding, and their Title IX expert's report was served after discovery concluded. The report was first served 5 days ago. By the logic of the Amended Scheduling Order, Plaintiff is entitled to at a minimum 24 days for rebuttal reports plus 55 days of further discovery from the date of Defendants' disclosures.

As stated, depositions remain incomplete. Depositions were postponed in July and August due to Plaintiff's counsel's severe medical illness), before being re-noticed for September 2025 at dates and times scheduled by Brownlee and the State. The State advised that they did not consent to scheduling those depositions after the close of discovery, and any tentative dates after that time period were subject to the Court extending the discovery end date. When Plaintiff supplied notices of deposition and subpoenas for the agreed upon dates, Plaintiff was informed by Defendant Brownlee that not all dates remained available and new dates would be required. After the August 18, 2025 conference, it was Plaintiff's expectation that a joint scheduling order amendment would be agreed upon and the depositions would be rescheduled. However, the parties have not reached agreement to extend fact discovery or produce witnesses for deposition.

Reviewing the State Defendants' position, Plaintiff appreciates their willingness to consent to limited extensions for Plaintiff to produce rebuttal reports and address remaining deficiencies. However, Plaintiff is entitled more time than the State is willing to consent to. With regard to the

3

proposed four-week extension for rebuttal reports, Plaintiff has been informed by his Title IX expert, Laura Dunn, Esq., that she has traveled out of state to attend to a terminally ill relative and requires a deadline in the first week of November. With regard to the limited extension for Plaintiff to address limited outstanding deficiencies, the State's proposal does not account for any reciprocal discovery, address the deficiencies in its discovery responses put forward by Plaintiff, or commit to producing witnesses for deposition. For that reason, Plaintiff will file his motion to modify the Amended Scheduling Order, proposing identical timeframes to those already agreed-to. Plaintiff also anticipates filing a motion to compel production of documents central to the Title IX claims, as discussed further below. It is his hope the Court will grant the motions and permit resolution on the merits.

*State Defendants' Position*

The State Defendants believe a sufficient amount of time has been afforded to complete fact discovery and intend to oppose any effort by plaintiff to obtain fact discovery sought at the end of, or after, the discovery period. With respect to plaintiff's desire to provide expert rebuttal reports, State Defendants will consent to a thirty-day extension of the deadline for plaintiff to submit expert rebuttal reports. As noted by State Defendants in their letter to the Court, dated August 1, 2025 (ECF No. 54), and during the August 18th and 22nd conferences with the Court, State Defendants' expert reports could not be completed by the original deadline due to the deficiencies in plaintiff's discovery responses and the difficulties with scheduling plaintiff's IME. Because those issues have now been resolved, State Defendants' expert disclosures were made, and the final report is expected to be produced this week. A thirty-day extension of the expert discovery deadline only will allow plaintiff sufficient time to review State Defendants' reports and offer any rebuttal.

*Defendant Brownlee's Position*

Defendant Brownlee intends to oppose any request for extension of the discovery deadline in this matter beyond that which is needed to conduct the one-hour continuation of Plaintiff's deposition. The discovery deadline in this matter has been previously extended. As such, Defendant Brownlee believes that ample time has been afforded to Plaintiff to conduct depositions and related discovery and no additional time should be given.

## VI. Additional Matters

### A. Plaintiff's Motion to Modify the Scheduling Order

Plaintiff intends to file a motion to modify the Scheduling Order on or before September 17, 2025, seeking a 150-day extension to allow for completion of all outstanding discovery so that the matter may be heard on the merits.

State Defendants intend to oppose any such motion, except they will consent to a thirty-day extension of expert discovery only, and a corresponding extension to the dispositive motions deadline.

Defendant Brownlee intends to oppose any such motion, except to allow the completion of Plaintiff's deposition in this matter.

### B. Plaintiff's Request for Leave to File a Motion to Compel

As also mentioned, pursuant to Fed. R. Civ. P. 37(a), Plaintiff respectfully requests leave to file a motion to compel the State Defendants to produce (1) the "Attorney Legal Analysis of Title IX Claim" memorandum prepared by the law firm retained as Coppin State University's Title IX investigators, and (2) all documentation concerning Plaintiff's financial aid and other financial assistance.

With respect to the memorandum, the State Defendants assert that it is protected by the attorney–client privilege and the work-product doctrine. Plaintiff disagrees. Plaintiff's position is that Coppin State's Title IX investigator, while an attorney, was engaged to serve as a neutral factfinder in satisfaction of the University's mandatory regulatory obligations, not as litigation counsel. Accordingly, the memorandum was prepared in the ordinary course of compliance rather than in anticipation of litigation or for the purpose of providing legal advice. On that basis, Plaintiff maintains that the memorandum does not qualify for protection under either the attorney–client privilege or the work-product doctrine and should be produced. At a minimum, Plaintiff should be entitled to the fact-finding portions of the memorandum that do not reflect legal advice, attorney impressions, or litigation strategy.

With respect to documents concerning Plaintiff's financial aid and other financial assistance, the State Defendants take the position they have produced all documents responsive to their searches for key words within email address archives of Coppin State employees. Plaintiff's position is that the State Defendants' search is deficient, as it did not encompass the University's financial records or internal memoranda, particularly with respect to the unexplained waiver of Plaintiff's tuition fee in the Fall 2020 semester after Plaintiff revealed the extortion to the University and entered the transfer portal, rendering himself ineligible. Plaintiff further notes that the upcoming depositions of Coppin State personnel may provide additional clarity regarding this subject and the existence of responsive records. Accordingly, it may be most efficient to revisit motion practice on this issue after those depositions are completed.

State Defendants object to, and will oppose, any effort to obtain fact discovery at this time, as the discovery deadline has closed and no efforts were made to obtain this information prior to the close of discovery.

Defendant Brownlee objects to, and will oppose, any effort to obtain fact discovery, including allegations of deficiencies, at this time, as the discovery deadline has closed and no efforts were made to obtain this information prior to the close of discovery.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

We thank the Court for its attention to this matter.

| | |
|---|---|
| /s/ Tiffani S. Collins<br>Tiffani S. Collins, Esq.<br>Collins Legal Group<br>1122 Kenilworth Drive, Suite 507<br>Towson, Maryland 21204<br>tiffani@tcollinslaw.com<br><br>*Counsel for Defendant Lucian Brownlee* | /s/ Daniel N. Epstein<br>Daniel N. Epstein, Esq.<br>Epstein Ostrove LLC<br>200 Metroplex Drive, Suite 304<br>Edison, New Jersey 08817<br>d.epstein@epsteinostrove.com<br><br>*Counsel for Plaintiff Ibn Williams* |

/s/ Ariel Lichterman
ARIEL LICHTERMAN
Federal Bar No. 20850
KATHRYN J. BRADLEY
Federal Bar No. 21242
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland  21202-2021
Tel: (410) 576-6449
Fax: (410) 576-6437
kbradley@oag.state.md.us
alichterman@oag.state.md.us

*Attorneys for Defendants Coppin State University, University System of Maryland, State of Maryland, Derek Carter, and Juan Dixon*