**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Douglas R. Miller
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

October 27, 2026

To: Counsel of Record

Re: *Williams v. Coppin State University et al.*
Case No. 1:23-cv-02590-JRR

**LETTER OPINION & ORDER**

Plaintiff Ibn Williams has filed a request for leave to file a motion to compel "a limited Rule 30(b)(6) deposition of Coppin State University" on two specified topics. ECF No. 117. Defendant Coppin State University ("Coppin State") opposes the request. ECF No. 118. For the reasons stated below, the request will be denied.[1]

As background, Plaintiff on August 4, 2026 requested, *inter alia*, "a limited Rule 30(b)(6) deposition of Coppin State concerning two discrete topics arising from the Ogletree [Deakins] investigation, or appropriate alternative relief concerning [Ogletree attorney] Mr. [Jimmy] Robinson's deposition." ECF No. 106 at 1. At a September 3, 2026 virtual discovery conference, I ruled on other issues raised in ECF No. 106, but encouraged the parties to negotiate further regarding a compromise resolution on this topic. ECF No. 112 at 1-2.

In recommending that the parties negotiate a resolution, I was mindful that Plaintiff did not appear to have pursued discovery on these topics with sufficient diligence to justify reopening discovery under ordinary circumstances. *See* Fed. R. Civ. P. 16(b)(4) (scheduling order may be modified only for good cause); *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) (diligence is the "touchstone" of the good cause inquiry and "only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard.") *See also* ECF No. 103 ("No further extensions of the discovery deadline or dispositive motions deadline will be granted absent extraordinary circumstances.")

1 I take this action without further briefing because the filings both appear to address the substantive issues that would have been raised in a motion to compel. I also note that both parties' filings are slightly longer than the default three-page limit for discovery motions set by Judge Rubin's Discovery Order, ECF No. 26 at 2, and therefore likely contain more information than would be presented if I granted leave to file.

On the other hand, based on the representations of Plaintiff's counsel, I had concerns about the conduct of the Robinson deposition. In particular, and as I have expressed to the parties before, I find the scope of attorney-client privilege to be a fraught issue where Ogletree Deakins was engaged in a dual role as both legal counsel and as Coppin State's Title IX investigator under its "Civil Rights Investigator" contract with the University. *See* Letter Order, ECF No. 97, 2026 WL 380254 (Feb. 10, 2026). Coppin State relied on Ogletree's Investigative Summary as a basis for terminating its investigation of Plaintiff's Title IX complaint. I would therefore have closely scrutinized invocations of privilege at the deposition of the Investigative Summary's author.

Each party hopefully recognized that it therefore faced some risk if I ruled on whether the conduct of the Robinson deposition merited Plaintiff's requested relief. The parties took up my suggestion to negotiate, and agreed that Plaintiff would propound interrogatories to Coppin State on the topics at issue. Plaintiff reserved the right to seek a 30(b)(6) deposition, which Coppin State reserved the right to oppose. I approved this solution and granted the parties' request to cancel a scheduled hearing at which I otherwise would have ruled on Plaintiff's original request. ECF No. 114. The solution appeared to me less burdensome on Coppin State and its officers than preparing and sitting for a deposition, while still getting Coppin State on record as to important issues that might have been settled had the Robinson deposition gone differently.

Plaintiff accordingly propounded his Second Supplemental Interrogatories, and Coppin State served its verified responses on October 12, 2026. *See* ECF No. 118-1. Plaintiff now asserts that the responses "articulate definitive institutional positions concerning material issues without adequately explaining their factual or procedural bases, and in several respects expose questions that cannot be resolved through additional written discovery." ECF No. 117 at 1.

A threshold question is the appropriate standard to apply. Neither the parties' agreement to proceed by interrogatories, nor the proposed order that I signed, specified under what circumstances Plaintiff would nonetheless be entitled to depose Coppin State. Because I do not find that Plaintiff proceeded with the required diligence to otherwise merit reopening discovery, and because the interrogatories were a freely agreed compromise, I find that I should only grant further relief if Coppin State's interrogatory responses are deficient.

An interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). An evasive or incomplete discovery response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). For an interrogatory response to be considered complete, the responding party "must provide to the requesting party all 'information that is available to it and that can be given without undue labor and expense.'" *Heym v. APG Hous., LLC*, No. JRR-23-2092, 2025 WL 1661414, at *4 (D. Md. June 11, 2025) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012)) (quoting 8B Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2174 (3d ed. 2012)). Applying these standards, I do not find that Plaintiff has demonstrated any deficiency in Coppin State's responses to the interrogatories that would merit reopening discovery.

Plaintiff argues that Coppin State's position that Lucien Brownlee was not a "responsible employee" under the university's sexual harassment and sexual misconduct policies is inconsistent with prior, individual testimony by university officials that they expected someone in Mr. Brownlee's position to report particular types of conduct. ECF No. 117 at 1-2. Plaintiff further argues that Coppin State's factual assertions about Brownlee's direct participation in coaching are inconsistent with prior individual testimony. *Id.* at 2.

Plaintiff may certainly raise these alleged inconsistencies in opposing summary judgment and at trial. But neither of them points to a deficiency in Coppin State's response to the interrogatories. Coppin State directly answered the questions asked in Interrogatories Nos. 8-10, describing Mr. Brownlee's role and responsibilities in the University and the men's basketball program, and stating its position that Mr. Brownlee was not a "responsible employee" under either of the University policies named in the interrogatories. ECF No. 118-1 at 7-8.

Plaintiff argues that he is "entitled to examine a prepared University designee concerning Coppin State's institutional characterization of Brownlee's role and the factual basis for that characterization, rather than simply accept a lawyer-drafted interrogatory response stating the conclusion." ECF No. 117 at 3. But the latter was the compromise reached, and the interrogatories are in any event verified under oath by Coppin State's Chief Human Resources Officer, who is also an Associate Vice President of the University.

Plaintiff next argues that Coppin State's response to Interrogatory No. 11, while stating that Brownlee's role "was a factor" in Coppin State's initial assessment of the Title IX complaint, leaves unanswered "how Coppin understood that status and what significance it assigned to it in deciding how to treat Plaintiff's allegations." *Id.* I do not find that Coppin State's response was deficient in this regard. As noted above, its responses to Interrogatories Nos. 8-10 stated clearly that the University understood Mr. Brownlee to be a student volunteer, not a university employee, and not a "responsible employee" under the two policies. Its response to No. 11 identified Mr. Brownlee's status as one factor among several considered in determining that Plaintiff's allegations did not warrant further investigation or action under the Title IX policy. *Id.* at 8. If Plaintiff had pursued discovery with greater diligence during the discovery period, he could have sought further clarification, such as a ranking of these factors, or the relative weight assigned to each. But at this juncture, Plaintiff received answers which were responsive to the interrogatories he propounded as a part of a compromise resolution to which he agreed, and he is not entitled to more.

Finally, Plaintiff argues that Coppin State's responses—that not proceeding beyond an initial assessment was "procedurally appropriate" and that a contrary decision would have been inconsistent with University policy and procedure—are "substantive institutional positions that Plaintiff has never had an opportunity to examine." ECF No. 117 at 3. Plaintiff asserts that these issues cannot be resolved simply by reference to Ogletree's work, given Mr. Robinson's deposition testimony that he did not know the answers to these questions. *Id.*

A review of the interrogatories and responses reveal, however, that Coppin State answered the questions put to it. It explained why not preparing a draft or final investigative report did not violate University policy (because the policy permitted closing an investigation after an initial assessment.) ECF No. 118-1 at 4-5. It stated that not preparing such reports was consistent with Ogletree's Investigative Summary (because the Investigative Summary found a lack of sufficient evidence to establish a violation of the university's Title IX policy, other university or NCAA policies, or any law). *Id.* at 5. And Coppin State explained that the basis for its determination against further action consisted of Ogletree's findings and the university's procedures. *Id.* at 6. Again, all of these are areas into which Plaintiff might have inquired further if he had pursued them diligently during the discovery period. But where things currently stand, he must take the answers he received to the interrogatories he propounded[2] as part of the agreed resolution unless they are deficient, which I find they are not.

Accordingly, Plaintiff's request for leave to file a motion to compel, ECF No. 117, is DENIED.

Despite the informal nature of this letter, it should be docketed as an Opinion and Order of the Court.

Sincerely,

*/s/*

Douglas R. Miller
United States Magistrate Judge

---

[2] Notably, none of the interrogatories request that Coppin State formulate its responses without making reference to the Ogletree Deakins Investigative Summary.